**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINJU ZHAO, | No. 12-71846 |
| Petitioner, | Agency No. A088-125-411 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Jinju Zhao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Zhao's experiences in China, even considered cumulatively, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (record did not compel the conclusion that petitioner suffered past persecution). Substantial evidence also supports the agency's determination that Zhao failed to establish an objectively reasonable fear of future persecution. *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). We reject Zhao's contention that the agency did not analyze her claim sufficiently. We also reject Zhao's pattern or practice of persecution claim. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-61 (9th Cir. 2009). We lack jurisdiction to consider the disfavored group claim Zhao makes because she failed to raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below). Thus, Zhao's asylum claim fails.

Because Zhao failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of Zhao's CAT claim because Zhao failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We lack jurisdiction to consider any contention by Zhao regarding torture due to violation of China's exit laws because Zhao did not raise this to the agency. *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-71846